IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOGINDER KAUR, ) | |
| ) | |
| Plaintiff, ) | No. |
| ) | |
| v. ) | |
| ) | Jury Trial Demanded |
| STEEPLE HILL CONDOMINIUM ) | |
| ASSOCIATION, MUJAHID RAZVI, ) | |
| SAMIR PATEL, SYED RAZA, ) | |
| MOHAMMED ASADULLAH, ) | |
| STEPHANIE STEFANOVA, PROPERTY ) | |
| MANAGEMENT TECHNIQUES ) | |
| INCORPORATED and BRIAN PREGLER, ) | |
| ) | |
| Defendants. ) | |

COMPLAINT

Plaintiff, Joginder Kaur, by and through her attorneys, William Chatt and Robert Prince of Chatt & Prince P.C., complaining of Defendants, Steeple Hill Condominium Association, Mujahid Razvi, Samir Patel, Syed Raza, Mohammed Asadullah, Stephanie Stefanova, Property Management Techniques Incorporated and Brian Pregler, states as follows:

NATURE OF THE CASE

1. Plaintiff seeks redress for the violation of rights guaranteed to Plaintiff by the Fair Housing Act, 42 U.S.C. § 3617 as amended, as a result of race and national origin and religious discrimination and for damages related to breach of fiduciary duty that she has suffered related to her condominium unit, operated and managed by the Defendants, and the discriminatory interference with her enjoyment of the property.

1

JURISDICTION AND VENUE

2. Plaintiff brings her claims pursuant to 42 U.S.C. § 3617 and Illinois common law, which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. The violations alleged herein occurred in the Northern District of Illinois and, upon information and belief, all Defendants reside in the Northern District of Illinois making venue proper in this district pursuant to 28 U.S.C. § 1391.

PARTIES

4. Plaintiff, Joginder Kaur, is a South Asian female of Indian origin. Plaintiff is a practicing Sikh. Plaintiff is the owner of a unit within the Defendant Steeple Hill Condominium Association.

5. Defendant, Steeple Hill Condominium Association ("Steeple Hill"), is a not-for-profit corporation and a condominium association under Illinois law with a principal place of business at 1121 E Main St. #127, St. Charles, Illinois 60174.

6. Defendant Mujahid Razvi is the President of Steeple Hill and, upon information and belief, resides at 735 Heritage, Unit 101, Hoffman Estates, Illinois 60194.

7. Defendant Samir Patel is the Secretary of the Association and, upon information and belief, resides at 856 Spring Valley Court, Schaumburg, IL 60193.

8. Defendant Syed Raza is a member of the Board of Directors of Steeple Hill and, upon information and belief, resides at 585 Heritage Drive, Unit 201, Hoffman Estates, IL 60169.

9. Defendants Mohammed Asadullah is a member of the Board of Directors of Steeple Hill and, upon information and belief, resides at 550 Mesa Drive, Unit 201, Hoffman Estates, IL 60169.

10. Defendant Stephanie Stefanova is a member of the Board of Directors of Steeple Hill and, upon information and belief, 1160 Valley Lane, Unit 207, Hoffman Estates, IL 60169.

11. Defendant, Property Management Techniques Incorporated ("PMTI"), is a business corporation organized and existing under Illinois law with a principal place of business at 1121 E Main St. #127, St. Charles, Illinois 60174.

12. Defendant Brian Pregler is a licensed community association manager under Illinois law and, upon information and belief, resides in South Elgin, Illinois.

## COMMON ALLEGATIONS

13. Steeple Hill is operated under a Declaration of Condominium Ownership (the "Declaration") that sets forth the rights and restrictions to which owners and occupants are subject to upon the purchase of a unit within the Association.

14. Steeple Hill is operated and administered by its Board of Directors (the "Board") which is comprised of 5 members, including Defendants, Mujahid Razvi, Samir Patel, Syed Raza, Mohammed Asadullah, Stephanie Stefanova (the "Board Members").

15. PTMI is the management company for Steeple Hill, which is managed pursuant to a management agreement.

16. Brian Pregler is the community association manager assigned to Steeple Hill.

17. Plaintiff pays assessments for her proportionate share of the common expenses as and when they come due.

18. Plaintiff leases her unit within the Association to a tenant, Farhan Durrani.

19. Durrani has occupied the unit since March 1, 2014.

20. Within the last year, Plaintiff began receiving threatening notices from the Association's manager claiming that her tenant was operating a "prayer service" out of the unit,

that the foot traffic was causing harm to the Association and that guests were taking up too many visitor parking spaces allegedly creating a nuisance in violation of the Declaration.

21. Defendants have sent notices of violation that levied fines against Plaintiff in the amounts up to $500 per "prayer service" with the most recent fine being sent on July 23, 2015. A copy of the most recent letter is attached hereto as Exhibit A.

22. Plaintiff requested a hearing for the first set of said fines, but the Association, acting through the Board Members, improperly and arbitrarily sustained the violations and kept the fines on her account in an effort to target Plaintiff.

23. In some instances, Plaintiff has received 5 separate $500.00 fines in a single day for each "prayer service" during that day. Copies of five fine letters for a single day's violations are attached hereto as Group Exhibit B.

24. Said fines are excessive, arbitrary and wholly without support under the Declaration or the Rules and Regulations of Steeple Hill and do not represent a reasonable approximation of the harm to Steeple Hill by the alleged violations.

25. Defendants have stated that Plaintiff will continue to receive fines until her tenant's "prayer service" ends.

26. As of June 19, 2015, Defendants levied $7,600 in fines against Plaintiff's account. A copy of Plaintiff's Statement of Account through June 16, 2015 is attached hereto as Exhibit C.

27. To date, the Association has levied in excess of $8,000 in fines against Plaintiff's account.

28. The Board Members have harassed and continue to harass Plaintiff and her tenant by sitting outside and "staking out" Plaintiff's unit for alleged violations and installing security cameras in Plaintiff's building to further threaten and coerce Plaintiff and her tenant.

4

29. Individuals who visit Plaintiff's unit have the right to use the common areas as guests of Plaintiff's tenants and, in many cases, their ownership interests in the Association pursuant to the Declaration.

30. Upon information and belief, other individuals who are not Sikh or Muslim have visitors to their units who use parking spaces and walk on the common elements without being fined or punished by the Defendants.

31. Upon information and belief, other individuals who are not Sikh or Muslim pray in their units without being fined or punished by the Defendants.

32. Upon information and belief, Defendants have not levied fines against any other similarly situated individuals to Plaintiff or her tenant within the Association.

33. Due to Defendants' discriminatory treatment of Plaintiff, Plaintiff is at risk of losing her tenant or face continuing fines.

34. Defendants' actions have caused Plaintiff to suffer severe emotional distress.

## COUNT I

## 42 U.S.C. § 3617 - RELIGIOUS DISCRIMINATION

**(Against All Defendants)**

35. Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 34 as if set forth in this Paragraph 35.

36. Plaintiff, a Sikh, is a protected individual under the Fair Housing Act, as amended.

37. Plaintiff was engaged in the exercise and enjoyment of her rights against religious discrimination in the terms, conditions, or privileges of home ownership, or in the provision of services or facilities in connection therewith, as protected by 42 U.S.C. § 3604(b).

38. Defendants coerced, threatened, intimidated or otherwise interfered with Plaintiff's exercise and enjoyment of her protected activity under the Fair Housing Act by their actions and omissions, including but not limited to:

   a. interfering with Plaintiff's rental business,

   b. threatening Plaintiff with fines,

   c. levying fines against Plaintiff,

   d. demanding that Plaintiff and her tenant cease allowing the unit to be used for prayer, a protected activity,

   e. failing to protect the rights and enforce the obligations of its members equally under the Declaration,

   f. adopting and/or enforcing rules and regulations or covenants that impair rights guaranteed by the Constitution,

   g. threatening Plaintiff with a lawsuit to collect improperly levied and unpaid fines,

   h. threatening to revoke Plaintiff's parking permits for allegedly failing to pay improperly levied amounts against her account,

   i. demanding that Plaintiff pay legal fees for a lawsuit Steeple Hill improperly filed against her which it failed to prosecute and which was subsequently dismissed for want of prosecution,

   j. improperly classifying the coming and going from Plaintiff's unit as a nuisance, and

   k. prohibiting individuals who have a right to use the common elements for ingress and egress to the units within the Association from using the common elements.

39. Defendants were motivated by an intent to discriminate against Plaintiff based on her religion, Sikh, in violation of 42 U.S.C. § 3617.

40. As a direct and proximate result of Defendant's Actions, Plaintiff has suffered economic losses, emotional distress and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joginder Kaur, requests that this Honorable Court enter judgment on Count I in her favor and against Defendants, Steeple Hill Condominium Association, Mujahid Razvi, Samir Patel, Syed Raza, Mohammed Asadullah, Stephanie Stefanova, Property Management Techniques Incorporated and Brian Pregler, and enter an Order awarding the following relief:

A. Compensatory damages;

B. Punitive damages;

C. An order mandating that Defendants allow Plaintiff and her tenant to use the unit for prayer;

D. An award of costs, as provided by F.R.C.P.54(d)(1);

E. An award of reasonable attorneys' fees as provided by 42 U.S.C. §3614(d)(2); and

F. Such other relief as the Court deems just and equitable.

## COUNT II

### 42 U.S.C. 3617 - RELIGIOUS DISCRIMINATION

**(Against All Defendants)**

41. Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 34 as if set forth in this Paragraph 41.

42. Plaintiff's tenant, Durrani, is a practicing Muslim and is a protected individual under the Fair Housing Act, as amended.

43. As a practicing Muslim, Durrani is required to pray at least five times each day.

44. The five prayers are as follows:

   a. Salat al-fajr – prior to sunrise

   b. Salat al-zuhr – midday after the sun passes its highest point

   c. Salat al-'asr – in late afternoon

   d. Salat al-maghrib – just after sunset

   e. Salat al-'isha – between sunset and midnight

45. Three of the minimum five prayers are supposed to conducted with fellow Muslims.

46. Defendants have a practice and policy to discriminate against Muslims by prohibiting them from praying together within the Association.

47. Plaintiff associates with tenant Durrani, an action which is protected under the Fair Housing Act.

48. Plaintiff was at all times engaged in the exercise and enjoyment of her rights against religious discrimination in the terms, conditions, or privileges of home ownership, or in the provision of services or facilities in connection therewith, as protected by 42 U.S.C. § 3604(b).

49. Defendants coerced, threatened, intimidated or otherwise interfered with Plaintiff's exercise and enjoyment of her protected activity under the Fair Housing Act by their actions and omissions, including but not limited to:

   a. interfering with Plaintiff's rental business,

   b. threatening Plaintiff with fines,

   c. levying fines against Plaintiff,

    d. demanding that Plaintiff and her tenant cease allowing the unit to be used for prayer, a protected activity,

    e. failing to protect the rights and enforce the obligations of its members equally under the Declaration,

    f. adopting and/or enforcing rules and regulations or covenants that impair rights guaranteed by the Constitution,

    g. threatening Plaintiff with a lawsuit to collect improperly levied and unpaid fines,

    h. threatening to revoke Plaintiff's parking permits for failing to pay improperly levied amounts against her account,

    i. demanding that Plaintiff pay legal fees for a lawsuit Steeple Hill improperly filed against her which it failed to prosecute and which was subsequently dismissed for want of prosecution,

    j. improperly classifying the coming and going from Plaintiff's unit as a nuisance, and

    k. prohibiting individuals who have a right to use the common elements for ingress and egress to the units within the Association from using the common elements.

50. Defendants were motivated by an intent to discriminate against Plaintiff based on her affiliation to her Muslim tenant in violation of 42 U.S.C. § 3617.

51. As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered economic losses, emotional distress and other consequential damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Joginder Kaur, requests that this Honorable Court enter judgment on Count II in her favor and against Defendants, Steeple Hill Condominium Association, Mujahid Razvi, Samir Patel, Syed Raza, Mohammed Asadullah, Stephanie Stefanova, Property Management Techniques Incorporated and Brian Pregler, and enter an Order awarding the following relief:

    A. Compensatory damages;

    B. Punitive damages;

    C. An order mandating that Defendants allow Plaintiff and her tenant to use the unit for prayer;

    D. An award of costs, as provided by F.R.C.P.54(d)(1);

    E. An award of reasonable attorneys' fees as provided by 42 U.S.C. §3614(d)(2); and

    F. Such other relief as the Court deems just and equitable.

## COUNT III

### BREACH OF FIDUCIARY DUTY – ILLINOIS COMMON LAW

**(Against Mujahid Razvi, Samir Patel, Syed Raza, Mohammed Asadullah, Stephanie Stefanova,)**

52. Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 34 as if set forth in this Paragraph 52.

53. At all times relevant to this proceeding, there was in force a law in the State of Illinois that provides as follows: "In the performance of their duties, the officers and members of the board, whether appointed by the developer or elected by the unit owners, shall exercise the care required of a fiduciary of the unit owners." 765 ILCS 605/18.4.

54. As members of the Board of Directors of the Association, Mujahid Razvi, Samir Patel, Syed Raza, Mohammed Asadullah, Stephanie Stefanova, (the "Board Members") owed fiduciary duties to the members of the Association and, specifically, Plaintiff.

55. The Board Members breached their fiduciary duties to Plaintiff by:

   a. interfering with Plaintiff's rental business,

   b. threatening Plaintiff with fines,

   c. levying fines against Plaintiff,

   d. demanding that Plaintiff and her tenant cease allowing the unit to be used for prayer, a protected activity,

   e. failing to protect the rights and enforce the obligations of its members equally under the Declaration,

   f. adopting and/or enforcing rules and regulations that impair rights guaranteed by the Constitution,

   g. threatening to revoke Plaintiff's parking permits for failing to pay improperly levied amounts against her account,

   h. demanding that Plaintiff pay legal fees for a lawsuit Steeple Hill improperly filed against her which it failed to prosecute and which was subsequently dismissed for want of prosecution,

   i. violating Illinois and federal law to target Plaintiff, and

   j. prohibiting individuals who have a right to use the common elements for ingress and egress to the units within the Association from using the common elements.

56. As a direct and proximate result of the Board Members' breach of fiduciary duty, Plaintiff has been suffered economic losses, emotional distress and other consequential damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Joginder Kaur, requests that this Honorable Court enter judgment on Count III in her favor and against Defendants, Mujahid Razvi, Samir Patel, Syed Raza, Mohammed Asadullah, Stephanie Stefanova,, and enter an Order awarding the following relief:

A. Compensatory damages;

B. Punitive damages for the willful character of Defendants' breach;

C. An order mandating that Defendants allow Plaintiff and her tenant to use the unit for prayer;

D. An award of costs, as provided by F.R.C.P.54(d)(1); and

E. Such other relief as the Court deems just and equitable.

**COUNT IV – ILLINOIS HUMAN RIGHTS ACT 775 ILCS 5/3-102(B)**

**(Against all Defendants)**

57. Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 34 as if set forth in this Paragraph 57.

58. Plaintiff, a Sikh, is a protected individual under the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq.

59. The Illinois Human Rights Act makes it unlawful to "[a]lter the terms, conditions or privileges of a real estate transaction or in the furnishing of facilities or services in connection therewith" because of religion. 775 ILCS 5/3-102(B).

60. Plaintiff, as the owner of a unit within the Association was entitled to the rights and privileges of ownership and to be free from changes in the furnishing of facilities and services provided in the Association's Declaration and By-Laws.

61. Defendants have altered the terms, conditions or privileges of Plaintiff's membership within the Association by their actions and omissions, including but not limited to:

   a. interfering with Plaintiff's rental business,

   b. threatening Plaintiff with fines,

   c. levying fines against Plaintiff,

   d. demanding that Plaintiff and her tenant cease allowing the unit to be used for prayer, a protected activity,

   e. failing to protect the rights and enforce the obligations of its members equally under the Declaration,

   f. adopting and/or enforcing rules and regulations that impair rights guaranteed by the Constitution,

   g. threatening Plaintiff with a lawsuit to collect improperly levied and unpaid fines,

   h. threatening to revoke Plaintiff's parking permits for failing to pay improperly levied amounts against her account,

   i. demanding that Plaintiff pay legal fees for a lawsuit Steeple Hill improperly filed against her which it failed to prosecute and which was subsequently dismissed for want of prosecution,

   j. improperly classifying the coming and going from Plaintiff's unit as a nuisance, and

   k. prohibiting individuals who have a right to use the common elements for ingress and egress to the units within the Association from using the common elements.

62. Defendants were motivated by an intent to discriminate against Plaintiff based on her religion, Sikh, in violation of 775 ILCS 5/3-102(B).

63. As a direct and proximate result of Defendant's Actions, Plaintiff has suffered economic losses, emotional distress and other consequential damages.

WHEREFORE, Plaintiff, Joginder Kaur, requests that this Honorable Court enter judgment on Count IV in her favor and against Defendants, Steeple Hill Condominium Association, Mujahid Razvi, Samir Patel, Syed Raza, Mohammed Asadullah, Stephanie Stefanova, Property Management Techniques Incorporated and Brian Pregler, and enter an Order awarding the following relief:

    A. Compensatory damages;

    B. Punitive damages;

    C. An order mandating that Defendants allow Plaintiff and her tenant to use the unit for prayer;

    D. An award of costs pursuant to 775 ILCS 5/10-102(C);

    E. An award of reasonable attorneys' fees as provided by 775 ILCS 5/10-102(C); and

    F. Such other relief as the Court deems just and equitable.

## COUNT V – ILLINOIS HUMAN RIGHTS ACT 775 ILCS 5/3-102(B)
### (Against all Defendants)

64. Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 34 as if set forth in this Paragraph 64.

65. Plaintiff's tenant, Durrani, is a practicing Muslim and is a protected individual under the Illinois Human Rights Act.

66. As a practicing Muslim, Durrani is required to pray at least five times each day.

67. The five prayers are as follows:

   a. Salat al-fajr – prior to sunrise

   b. Salat al-zuhr – midday after the sun passes its highest point

   c. Salat al-'asr – in late afternoon

   d. Salat al-maghrib – just after sunset

   e. Salat al-'isha – between sunset and midnight

68. Three of the minimum five prayers are supposed to conducted with fellow Muslims.

69. Defendants have a practice and policy to discriminate against Muslims by prohibiting them from praying together within the Association.

70. Plaintiff associates with tenant Durrani, an action which is protected under the Illinois Human Rights Act.

71. The Illinois Human Rights Act makes it unlawful to "[a]lter the terms, conditions or privileges of a real estate transaction or in the furnishing of facilities or services in connection therewith" because of religion. 775 ILCS 5/3-102(B).

72. Plaintiff, as the owner of a unit within the Association was entitled to the rights and privileges of ownership and to be free from changes in the furnishing of facilities and services as provided in the Association's Declaration and By-Laws.

73. Defendants have altered the terms, conditions or privileges of Plaintiff's membership within the Association by their actions and omissions, including but not limited to:

   a. interfering with Plaintiff's rental business,

   b. threatening Plaintiff with fines,

   c. levying fines against Plaintiff,

    d. demanding that Plaintiff and her tenant cease allowing the unit to be used for prayer, a protected activity,

    e. failing to protect the rights and enforce the obligations of its members equally under the Declaration,

    f. adopting and/or enforcing rules and regulations that impair rights guaranteed by the Constitution,

    g. threatening Plaintiff with a lawsuit to collect improperly levied and unpaid fines,

    h. threatening to revoke Plaintiff's parking permits for failing to pay improperly levied amounts against her account,

    i. demanding that Plaintiff pay legal fees for a lawsuit Steeple Hill improperly filed against her which it failed to prosecute and which was subsequently dismissed for want of prosecution,

    j. improperly classifying the coming and going from Plaintiff's unit as a nuisance, and

    k. prohibiting individuals who have a right to use the common elements for ingress and egress to the units within the Association from using the common elements.

74. Defendants were motivated by an intent to discriminate against Plaintiff based on her tenant's religion, Muslim, in violation of 775 ILCS 5/3-102(B).

75. As a direct and proximate result of Defendant's Actions, Plaintiff has suffered economic losses, emotional distress and other consequential damages.

WHEREFORE, Plaintiff, Joginder Kaur, requests that this Honorable Court enter judgment on Count V in her favor and against Defendants, Steeple Hill Condominium Association, Mujahid

Razvi, Samir Patel, Syed Raza, Mohammed Asadullah, Stephanie Stefanova, Property Management Techniques Incorporated and Brian Pregler, and enter an Order awarding the following relief:

    A. Compensatory damages;

    B. Punitive damages;

    C. An order mandating that Defendants allow Plaintiff and her tenant to use the unit for prayer;

    D. An award of costs pursuant to 775 ILCS 5/10-102(C);

    E. An award of reasonable attorneys' fees as provided by 775 ILCS 5/10-102(C); and

    F. Such other relief as the Court deems just and equitable.

## COUNT VI – PERMANENT INJUNCTION

**(Against all Defendants)**

76. Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 34 as if set forth in this Paragraph 76.

77. Plaintiff seeks an injunction prohibiting Defendants from using the terms of the Declaration in an effort to stop Plaintiff or Plaintiff's tenant from using her unit within Steeple Hill to pray.

78. Plaintiff's tenant's activities are protected under the Fair Housing Act and the Illinois Human Rights Act.

79. Plaintiff's tenant's activities are in compliance with Steeple Hill's Declaration.

80. In the absence of an injunction, Plaintiff will continue to suffer irreparable harm due to Defendants' improper enforcement of the Declaration against her as it will continue to

threaten her status as a member in good standing with Steeple Hill and further subjects her to continued threats of collection and legal action against her.

81. Plaintiff has inadequate remedies at law as the imposition of monetary damages will not stop the improper application of the Declaration provisions against Plaintiff or her tenant or prevent the Association from continuing to exercise its enforcement powers related to this issue.

82. The harm to Defendants caused by the issuance of an injunction are outweighed by the harm that will be incurred by the Plaintiff if no injunction were to issue and calls for the issuance of equitable relief on behalf of Plaintiff.

83. The entry of a permanent injunction will not disserve but would rather promote the public interest as it would prevent Defendants' non-compliance with the Fair Housing Act, Illinois Human Rights Act and the Board Members' fiduciary duties to the membership of Steeple Hill.

84. WHEREFORE, Plaintiff, Joginder Kaur, requests that this Honorable Court enter judgment on Count VIII in her favor and against Defendants, Steeple Hill Condominium Association, Mujahid Razvi, Samir Patel, Syed Raza, Mohammed Asadullah, Stephanie Stefanova, Property Management Techniques Incorporated and Brian Pregler, and enter an injunction Order as follows:

    a. Prohibiting Defendants from using the Declaration, By-Laws and/or Rules and Regulations of Steeple Hill to send notices of violation to Plaintiff or her tenant seeking to stop the unit from being used for prayer;

    b. Prohibiting Defendants from using the Declaration, By-Laws and/or Rules and Regulations of Steeple Hill to fine Plaintiff for her or her tenant's use of the unit to pray;

    c. Prohibiting Defendants from using the Declaration, By-Laws and/or Rules and Regulations of Steeple Hill to file a lawsuit against Plaintiff and/or her tenant concerning the use of the unit to pray;

    d. Prohibiting Defendants from taking any other enforcement measures against Plaintiff and/or her tenant concerning the use of the unit to pray.

    e. Granting such other and further relief as the court deems just and proper.

### JURY TRIAL DEMANDED

85. Plaintiff requests a jury trial on all issues of fact and law raised by the allegation in this Complaint.

    Respectfully submitted,
    JOGINDER KAUR, PLAINTIFF

By: _____
    William O. Chatt
    Attorney for Plaintiff

Dated September 10, 2015

William O. Chatt (#6291467)
Robert M. Prince (#6300598)
Chatt & Prince P.C.
16W347 83rd St Ste C
Burr Ridge, IL 60527
(630) 326-4930
(630) 214-0227 - facsimile