IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOGINDER KAUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-7962 |
| | ) | |
| STEEPLE HILL CONDOMINIUM | ) | Hon. Charles R. Norgle |
| ASSOCIATION, MUJAHID RAZVI, | ) | |
| SAMIR PATEL, SYED RAZA, | ) | |
| MOHAMMED ASADULLAH, | ) | |
| STEPHANIE STEFANOVA, PROPERTY | ) | |
| MANAGEMENT TECHNIQUES | ) | |
| INCORPORATED and BRIAN PREGLER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT VI OF PLAINTIFF'S COMPLAINT**

Defendants, STEEPLE HILL CONDOMINIUM ASSOCIATION, MUJAHID RAZVI, SAMIR PATEL, SYED RAZA, MOHAMMED ASADULLAH, STEPHANIE STEFANOVA, PROPERTY MANAGEMENT TECHNIQUES INCORPORATED, and BRIAN PREGLER, by and through its attorneys, O'Hagan LLC, hereby moves this Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

Plaintiff is a unit owner within the Steeple Hill Condominium Association. On September 10, 2015, Plaintiff alleged several causes of action against the individual directors of the Board of the Association, the Association, the property management company, and the property manager stating that her interests in her condominium unit had been discriminated against and the directors of the board had violated their fiduciary duties.

1

Specifically, Plaintiff alleged that the Defendants were selectively enforcing the Association's governing documents against her tenant and therefore discriminating against her tenant based upon the tenant's religious beliefs. As part of her Complaint, in Count VI, Plaintiff sought relief in the form of a permanent injunction (See Plaintiff's Complaint, attached hereto as Exhibit "A"). However, a party seeking a permanent injunction must first establish that she has succeeded on the merits of the underlying causes of action.

Defendants have filed their Answer and Affirmative Defenses to Plaintiff's Complaint, Counts I-V, simultaneously with the filing of this Motion to Dismiss. No judicial determinations have been made whether there is any merit to Plaintiff's allegations of discrimination or breach of fiduciary duty. Thus, Count VI of Plaintiff's Complaint seeking a permanent injunction should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as Plaintiff has pled a cause of action for which relief cannot be granted.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of claims upon which relief cannot be granted. Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 554 (2007). In assessing a complaint under Rule 12(b)(6), the district court accepts all well-pleaded facts as true in favor of the plaintiff. To survive a Rule 12(b)(6) motion, the complaint must allege, at a minimum, a plausible theory of liability against the defendant. *Id.* Further courts must "not strain to find inferences favorable to the plaintiff which are not apparent on the face" of the complaint. *Cherry v. Hall*, 2003 U.S. Dist. LEXIS 40 (N.D. Ill. 2003).

2

## ARGUMENT

### I) PLAINTIFF IS NOT ENTITLED TO A PERMANENT INJUNCTION BECAUSE SHE HAS NOT BEEN SUCCESSFUL ON THE MERITS OF HER CASE

In the Seventh Circuit, a party seeking a permanent injunction must establish the following: (1) [s]he has succeeded on the merits; (2) no adequate remedy at law exist; (3) irreparable harm will arise absent injunctive relief; (4) the balance of harms favors the entry of an injunction; and (5) the entry of the injuction will not harm the public interest. *Intervisual Communs. v. Volkert*, 975 F. Supp. 1092, 1104 (N.D. Ill. 1997) *citing Nicholas Knapp v. Northwestern University*, 942 F. Supp. 1191, 1194 (N.D. Ill. 1996).

As this matter is in its inception, Plaintiff has not been successful in establishing the merits of her claims of discrimination or the Defendant director's breach of their fiduciary duties. Despite Plaintiff's allegations that Plaintiff's tenant's activities are protected by the Fair Housing Act and the Illinois' Human Rights Act, no court or administrative body has ruled in her favor and held that Plaintiff or Plaintiff's tenant have been discriminated against. Therefore, in Count VI, Plaintiff has failed to state a claim upon which relief may be granted because she has not been successful on the merits of her case.

## CONCLUSION

Among Plaintiff's many causes of action, Plaintiff pleads a cause of action seeking a permanent injunction within Count VI of her Complaint. However, in order for this Honorable Court to grant such relief, Plaintiff must have already succeeded on the merits of her underlying case. As this matter is in its inception, no court or administrative body has yet to make that determination that Plaintiff or Plaintiff's tenant have been discriminated against pursuant to the Fair Housing Act or Illinois' Human Rights Act. Therefore, Count VI of Plaintiff's Complaint

should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) as Plaintiff has stated a claim for which no relief can be granted.

Respectfully Submitted:

/s/ Gina M. Lakatos
Counsel for Defendant

Kevin M. O'Hagan (ARDC No. 6211446)
Gina M. Lakatos (ARDC No. 6309501)
O'Hagan LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
PH: (312) 422-6100
FX: (312) 422-6110
kohagan@ohaganlaw.com
glakatos@ohaganlaw.com

## CERTIFICATE OF SERVICE

This is to certify that on the 9th day of November 2015, I electronically filed the foregoing **Defendants' Memorandum in Support of Defendants' Motion to Dismiss Count VI of Plaintiff's Complaint**, with the Clerk of Court using the CM/ECF system, which will send notification of, and thereby serve such document on, the following attorneys of record:

**Attorney for Plaintiff**
William O. Chatt
Chatt & Prince, P.C.
16 W 347 83rd Street, Suite C
Burr Ridge, Illinois 60527
bchatt@chattprince.com

/s/ Gina M. Lakatos
One of the attorneys for Defendants

Kevin M. O'Hagan  #6211446
Gina M. Lakatos  #6309501
O'Hagan LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
T – 312.422.6100
F – 312.422.6110
Email: glakatos@ohaganlaw.com