

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JOGINDER KAUR, ) ) Plaintiff, ) ) v. ) ) STEEPLE HILL CONDOMINIUM ) ASSOCIATION, et al., ) ) Defendants. ) | Civil Action No. 15 CV 7962<br><br>Hon. Charles R. Norgle |

## ORDER

Joint Motion to Compel Settlement Conference [36] is denied.

## STATEMENT

    Plaintiff Joginder Kaur ("Plaintiff") is a practicing Sikh and leases a condominium unit that she owns to a tenant named Farhan Durrani. The Defendants include the condominium association, the individual directors for the condo association board, the property management company, and the individual property manager (collectively, "Defendants"). Sometime in 2015, Plaintiff does not say when, Defendants concluded that Plaintiff's tenant was inviting guests and conducting a prayer service in Plaintiff's unit. Defendants began levying fines against Plaintiff and interfering with her tenant's affairs. In response, Plaintiff filed this lawsuit under the Fair Housing Act, 42 U.S.C. § 3604, and various state statutes. Before the Court is a motion filed by Defendants, which Plaintiff joins, requesting that the Court conduct a settlement conference. For the following reasons, the motion is denied.

    Defendants filed this motion pursuant to Federal Rule of Civil Procedure 16. The motion contains no reference to any particular section, subsection, or paragraph delineated under the Rule. Notably, Rule 16 is discretionary and nothing mandates that the Court hold a settlement conference. See Fed. R. Civ. P. 16(a). Defendants advise the Court that no depositions have occurred and only written discovery has been completed. A discovery deadline has not been set, no dispositive motions have been filed, and no trial date has been set. The parties do not advise the Court that any offer of judgment under Rule 68 has transpired. Neither Defendants' motion, nor Plaintiff's response, cite any case law requiring or even suggesting that the Court must hold a settlement conference at this early stage of litigation. Because there is no indication that the parties are close to reaching agreeable terms in their efforts to settle this case, the Court finds that Defendants' motion is premature and is therefore denied.

    The Court encourages the parties to continue their efforts to settle this case without judicial intervention, if they can do so in the interests of fairness and justice. If, at a future date, the parties wish for the Court to participate in a settlement agreement, the parties may submit the appropriate motion. The parties should refer to the Court's Standing Order in Local Rule 16.1

and the Court's ability to transfer the case to a magistrate judge for a settlement conference, in addition to the specific clauses that comprise Federal Rule of Civil Procedure 16.
    IT IS SO ORDERED.

                    ENTER:

                    *[signature]*
                    CHARLES RONALD NORGLE, Judge
                    United States District Court

DATE: November 16, 2016